**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

KAREN MICHELLE SIMIEN,
　　　　　*Defendant-Appellant.*

No. 00-4758

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-00-194)

Submitted: March 20, 2001

Decided: April 3, 2001

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Karen Michelle Simien appeals her conviction and sentence to thirty-three months confinement and three years supervised release for attempted escape in violation of 18 U.S.C. § 751(a) (1994). Simien's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court improperly conducted the Rule 11 hearing in which Simien entered her guilty plea, and further that the district court erred in computing and imposing her sentence. Finding no merit to either of these claims of error, and discovering no other reversible error in our review of the record, we affirm Simien's conviction and sentence.

Simien's claim that the district court improperly conducted the colloquy in which she entered her guilty plea is meritless. Under Fed. R. Crim. P. 11, the district court must "inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must be satisfied that the plea was knowingly and voluntarily entered, and that there is a sufficient factual basis to support it. *Id.*, at 119-20. Here, because the district court raised these issues with Simien at her plea hearing, there is no indication that the district court failed to meet the requirements of Rule 11 in accepting Simien's plea.

Furthermore, Simien's challenge to the district court's calculation and imposition of her sentence is not reviewable on appeal. This Court lacks authority to review a district court's imposition of a sentence that is within a correctly calculated guidelines range and within the statutory maximum. *See United States v. Porter*, 909 F.2d 789,

794 (4th Cir. 1990). Simien did not object to the presentence report or its calculation of her thirty-three month sentence. Furthermore, although Simien's thirty-three month sentence is at the high end of the guidelines range, it was in accordance with the recommendation contained in the presentence report based on her history, and was below the five-year statutory maximum. Therefore, because Simien's sentence was correctly calculated, it is not reviewable by this Court on appeal.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of her right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

In light of the foregoing, we affirm Simien's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*